UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TIMMIE D. COLE, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:17-cv-00150-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

*** *** *** ***

Timmie D. Cole, Sr., is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Cole filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Cole's petition.

In 2003, a jury convicted Cole of possession of cocaine with the intent to distribute and conspiracy to distribute cocaine.[1] The district court determined that Cole had multiple prior convictions for felony drug offenses and thus was subject to a mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). Cole appealed his case, but the United States Court of Appeals for the Eighth Circuit affirmed his convictions. Cole then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion and the Eighth Circuit denied him a certificate of appealability. Cole filed several other motions for relief, but those motions were also denied.

---

[1] The procedural history comes from (1) Cole's petition at R. 1, (2) his criminal case—*United States v. Timmie Cole*, No. 3:02-cr-034-REL-3 (S.D. Iowa 2003), (3) his direct appeal—*United States v. Timmie Cole*, 380 F.3d 422 (8th Cir. 2004), (4) the denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255—*Timmie Cole v. United States*, No. 4:05-cv-635-REL (S.D. Iowa September 7, 2007), and (5) the denial of another one of his § 2241 petitions—*Timmie Cole v. J. Ray Ormond*, No. 6:16-cv-053-DCR (E.D. Ky. May 18, 2016).

Cole has now filed a § 2241 petition with this Court. [R. 1.] Cole argues that the trial court erred when it determined that he had at least two prior convictions for felony drug offenses and thus was subject to a mandatory minimum sentence of life in prison pursuant to § 841(b)(1)(A). Cole cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition, and he claims that the trial court improperly failed to use the "categorical approach" described in that case to determine whether his prior drug convictions were indeed valid predicate offenses for purposes of the sentence enhancement. Cole suggests that if the trial court had used the categorical approach, it would have found that the enhancement was not applicable.

Cole's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. That is because although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Cole cannot use a § 2241 petition as a way of challenging his sentence.

Cole nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), to support his position. [R. 1-1 at 6–9.] It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive

change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600.

Those circumstances do not apply in this case. To be sure, Cole was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under § 2255. However, he has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a "felony drug offense" for purposes of the § 841(b)(1)(A) enhancement. While Cole has cited *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017). Plus, even if *Mathis* did involve a subsequent, retroactive change in statutory interpretation by the Supreme Court, the case discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act (ACCA). *See Mathis*, 136 S. Ct. at 2247-48. Here, Cole received his sentence enhancement under § 841(b)(1)(A), an entirely different statute with language that is much broader than the ACCA. *See Jose Adrian Hernandez v. J. Ray Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. September 18, 2017) (noting that the analysis described in *Mathis* is not applicable to sentence enhancements pursuant to § 841(b)(1)(A)'s broad language). Cole's reliance on *Mathis* is therefore unavailing. In short, Cole cannot assert his claims in a § 2241 petition.

Finally, and perhaps most importantly, even if Cole could attack his sentence in his § 2241 petition, he fails to discuss his prior criminal history in any meaningful way, and he likewise fails to identify the source of the trial court's alleged error. According to the trial court, "Cole's presentence report stated that he had at least two prior drug convictions, subjecting him to a

mandatory term of life imprisonment," and it ultimately listed a total of "eleven prior convictions, all of them on separate dates and for different charges." *Timmie Cole v. United States*, No. 4:05-cv-635-REL at R. 52 at 7 (S.D. Iowa September 7, 2007). Cole, however, has not explained which of those prior convictions the trial court erroneously relied on to enhance his sentence. Thus, even if Cole could attack his sentence in his § 2241 petition, his claim would not get off the ground.

Accordingly, it is hereby **ORDERED** as follows:

1. Cole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding judgment will be entered this date.

This 12th day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge